EDWIN GEORGE AND DOROTHEA MAE BALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ball v. Commissioner
Docket No. 11146-76.
United States Tax Court
T.C. Memo 1978-384; 1978 Tax Ct. Memo LEXIS 130; 37 T.C.M. (CCH) 1573; T.C.M. (RIA) 78384; September 26, 1978, Filed Edwin George Ball, pro se. William S. Miller, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $ 687.74 deficiency in petitioners' 1974 income tax. Due to a concession by petitioners, the sole issue remaining is whether petitioners are entitled to deduct as a medical expense any of the amount paid to the Holy Family Home for the Aged in 1974 for services rendered to petitioner-husband's mother. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, husband and wife, resided in Buffalo, New York, when they filed their petition. Petitioners *131 filed a joint return in 1974 on which they claimed medical expenses of $ 2,969, of which $ 2,175 constituted payments to the Holy Family Home for the Aged on behalf of Mrs. Araceli Ball, petitioner-husband's mother. Araceli was born on December 22, 1883 and died on January 18, 1976 at the age of 92. With the exception of one brief period, she resided continuously in the Holy Family Home for the Aged from November 26, 1966 until her death. For approximately 3 months beginning March 6, 1967, she was a patient in Our Lady of Victory Hospital. During the entire year in issue Araceli resided in the Holy Family Home. The Holy Family Home for the Aged was a domiciliary-type home for the healthy aged. About 70 guests over 65 years old lived there. The guests had to be ambulatory and able to dress, feed, and generally take care of themselves. The Home had no doctors or nurses on the staff, its staff gives no medication and provided no medical or nursing care. In fact, the Home was precluded from providing medical or nursing care by state law. Sick guests had to go to their own doctor and, if in need of medical or nursing care, they had to go to a hospital or nursing home until they *132 were well enough to return to the Home. The Home did not pay these medical expenses. The Home provided only room, board, laundry service and recreation for its guests. While a resident guest at the Home, Araceli was ambulatory, able to converse normally, feed herself, dress herself and take care of her bodily functions. She participated in charitable and social activities at the Home. Respondent disallowed as a medical expense the $ 2,175 petitioners paid to the Holy Family Home for the Aged on behalf of Araceli during 1974. OPINION Petitioners claim that amounts paid to the Holy Family Home for the Aged on behalf of petitioner-husband's dependent mother, Araceli, constitute medical care within the meaning of section 213(e)(1), [1] and are therefore deductible under section 213(a)(1). [2] Respondent disagrees. *133 Section 1.213-1(e)(1)(v), Income Tax Regs., states in pertinent part: (v) The cost of in-patient hospital care (including the cost of meals and lodging therein) is an expenditure for medical care. The extent to which expenses for care in an institution other than a hospital shall constitute medical care is primarily a question of fact which depends upon the condition of the individual and the nature of the services he receives (rather than the nature of the institution). * * * In general, the following rules will be applied: (a) Where an individual is in an institution because his condition is such that the availability of medical care * * * in such institution is a principal reason for his presence there, and meals and lodging are furnished as a necessary incident to such care, the entire cost of medical care and meals and lodging at the institution, which are furnished while the individual requires continual medical care, shall constitute an expense for medical care. * * * (b) Where an individual is in an institution, and his condition is such that *134 the availability of medical care in such institution is not a principal reason for his presence there, only that part of the cost of care in the institution as is attributable to medical care * * * shall be considered as a cost of medical care; meals and lodging at the institution in such a case are not considered a cost of medical care for purposes of this section. For example, an individual is in a home for the aged for personal or family considerations and not because he requires medical or nursing attention. In such case, medical care consists only of that part of the cost for care in the home which is attributable to medical care or nursing attention furnished to him; his meals and lodging at the home are not considered a cost of medical care. Araceli was not in the Holy Family Home for the Aged for medical care. She was well, competent, ambulatory, and generally able to care for herself. What medical attention she needed she got outside the Home. For example, when she was ill in 1967, she went to Our Lady of Victory Hospital for 3 months until she was able to care for herself, whereupon she returned to the Holy Family Home for the Aged. All such medical care was paid for *135 by petitioners and not provided by the Home. The Holy Family Home for the Aged provided no medical care, had no physicians or nurses on its staff, and dispensed no medicine. It provided its guests only room, board, laundry and recreation. Petitioners are not entitled to a medical expense deduction for amounts paid to the Holy Family Home for the Aged on behalf of Araceli Ball. Robinson v. Commissioner,51 T.C. 520 (1968), affd. on this issue 422 F. 2d 873 (9th Cir. 1970). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect for the year in issue. Section 213(e)(1) provides: (e) DEFINITIONS.--For purposes of this section-- (1) The term "medical care" means amounts paid-- (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body, (B) for transportation primarily for and essential to medical care referred to in subparagraph (A), or (C) for insurance (including amounts paid as premiums under part B of title XVIII of the Social Security Act, relating to supplementary medical insurance for the aged) covering medical care referred to in subparagraphs (A) and (B). ↩
2. Section 213(a)(1) provides: (a) ALLOWANCE OF DEDUCTION.--There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise-- (1) the amount by which the amount of the expenses paid during the taxable year * * * for medical care of the taxpayer, his spouse, and dependents (as defined in section 152↩) exceeds 3 percent of the adjusted gross income, * * *